IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TOMAS BURGO ARIOSA, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | A-13-CV-908-LY |
| | § | |
| DPS TEXAS, | § | |
|     Defendant. | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO:    THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

Before the Court is Tomas Burgo Ariosa's ("Ariosa") Application to Proceed *In Forma Pauperis* (Dkt. No. 1). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. APPLICATION TO PROCEED *IN FORMA PAUPERIS***

After reviewing the financial information in Ariosa's *in forma pauperis* motion, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Ariosa *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Ariosa is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs

of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Ariosa's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Ariosa has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3rd Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable

claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**A.     Factual Allegations and Claims**

From the limited information provided, this case appears to arise out of an attempt by Ariosa to renew his Texas Identification Card ("Texas ID") with the Texas Department of Public Safety ("DPS"), which was denied by DPS. Dkt. No. 3. Ariosa claims that he is an immigrant who had difficulty renewing his Form I-94 with the appropriate authorities earlier this year. *Id.* Although he was ultimately able to obtain a new Form I-94, he claims that his subsequent application with the DPS was denied. *Id.* Ariosa asserts that DPS claimed not to know about his renewed Form I-94. *Id.* Ariosa contends that this is part of a continuing "campaign of hatred" against him and that he has been subjected to improper persecution. *Id.*

**B.     Merits of Ariosa's Claim**

Broadly construed, Ariosa appears to be alleging violations of his civil rights and consequently, is attempting to bring his claims under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the

United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also America Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).  In this case, Ariosa argues that DPS has mistreated him and improperly denied him his new Texas ID.  Dkt. No. 3.  However, Ariosa alleges no facts or circumstances that would demonstrate that DPS or its employees violated a right protected by the Constitution or laws of the United States.  In his short complaint, Ariosa contends that DPS failed to honor, and pretended not to know about, his renewed Form I-94.  *Id.*  Yet a mere denial of Ariosa's application to renew his Texas ID does not necessarily implicate a protected constitutional or statutory right, particularly where the alleged reason is that he has not satisfied all the requirements for renewal.

Aside from the denial of Ariosa's application for renewal of his Texas ID, Ariosa makes conclusory allegations that the denial is "part of a local campaign of hatred against [him]" and that he is a victim of persecution.  *Id.*  Ariosa also charges DPS with "breaking the law, violating [his] human and civil rights, abusing their powers and mocking the federal government."  *Id.*  A complaint which only sets forth conclusory allegations is insufficient to state a claim under 42 U.S.C. § 1983.  *See, e.g.*, *Anderson v. Law Firm of Shorty, Dooley & Hall*, 393 Fed.Appx. 214, 217 (5th Cir. 2010) (per curiam) (noting that conclusory allegations were insufficient to state a conspiracy claim under § 1983); *see also Al-Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995) (concluding that petitioner could not maintain his claim of racial discrimination based only on conclusory allegations of malice).  In this case, Ariosa has pleaded even less than the plaintiffs in the above-mentioned cases.  Here, Ariosa does not even allege that he was discriminated against by DPS or its employees when he

applied to renew his Texas ID. Although the Court is sympathetic to Ariosa's situation, his complaint has not sufficiently stated a federal claim under 42 U.S.C. § 1983.

### III.  ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Ariosa *in forma pauperis* status (Dkt. No. 1). Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Ariosa's federal cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of December, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE